We express no opinion on the merits of this controversy.

The judgment of the District Court is vacated and the cause remanded for further proceedings in conformity with this opinion.

STEFANIK, PLAINTIFF-APPELLANT, *v.* ERIE RAILROAD COMPANY, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Portage County.

No. 259. Decided March 31, 1962.

*Mr. Seabury H. Ford*, for plaintiff-appellant.
*Messrs. Loomis & Jones*, for defendant-appellee.

GRIFFITH, J. Plaintiff sought by this action to recover for personal injuries resulting from a railroad crossing collision at Peck Road Crossing in Mantua, Portage County. The collision occurred in daylight.

The plaintiff's jeep, which he was driving at the time, came into collision with the engine of the Erie Railroad, and the plaintiff has charged negligence on the part of the defendant, Erie Railroad Company, and the Railroad Company has charged contributory negligence on the part of the plaintiff.

At the close of the plaintiff's evidence the defendant moved for a directed verdict on the ground that the plaintiff's negligence proximately contributing to his injury and damage was established by the evidence as a matter of law. The court sustained the motion and instructed the jury to return a verdict in favor of the defendant. Judgment was entered on that verdict, and it is from that judgment that appeal was taken to this court.

Under the evidence presented reasonable minds could come to no conclusion but that the train was in a position to be seen, and that Andrew Stefanik was in a position to see the train as it came around the curve from behind the cars on the south track, or switch track, some four hundred or five hundred feet to the east of the crossing, and that the collision of his jeep with the engine of the train was the result of his negligence which proximately caused the collision.

The testimony of the plaintiff himself, found in the bill of exceptions from pages 85 to 124, coupled with the series of photographs that were admitted in evidence, and which corroborated the plaintiff's testimony, furnish ample authority for the court's action.

A person approaching a railroad track must be held in the knowledge that such tracks are necessarily a dangerous place, and he has a duty of using his senses to ascertain whether a train is approaching. See *Detroit, Toledo & Ironton Rd. Co.* v. *Rohrs*, 114 Ohio St., 493; *Price* v. *New York Central System*, 58 Ohio Law Abs., 305.

The court committed no error in directing a verdict and its judgment must be and hereby is affirmed.

BROWN, P. J., and DONAHUE, J., concur.